UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLIN ARTHUR WALKER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-3095-X |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's (the "Government") motion to strike Plaintiff Colin Arthur Walker's (Walker) designation of non-retained experts and exclude testimony regarding causation and past and future damages.  (Doc. 28). Having fully considered the motion, the Court **GRANTS IN PART** the motion.  The Court **ORDERS** Walker to supplement his expert designations within 14 days of this Order to comply with Federal Rule of Civil Procedure 26(a)(2)(C).

### I.     Factual Background

On or around June 28, 2022, Walker alleges that a United States Postal Service driver made an illegal U-turn and crashed into him while on his motorcycle.  Walker sued the Government under the Federal Tort Claims Act.

Walker filed his expert designations identifying three retained experts and numerous non-retained experts.  His list of non-retained experts identifies, as catch-all witnesses, essentially every employee of twelve treatment facilities along

with some specific providers and assigns the same general description of each of the expert's testimony.

The Government moves to strike Walker's non-retained experts because they do not satisfy Rule 26(a)(2)(C) and asks the Court to exclude the non-retained experts from testifying on the issues of causation, past and future medical expenses, and loss of earning capacity.

Walker concedes that he listed a catch-all of employees for twelve providers, but he argues that his disclosures are nonetheless sufficient, the records are not voluminous, and that any deficiency is harmless and curable.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony.[1]    Rule 26(a)(2) splits experts into two buckets: retained[2] and non-retained.[3] Non-retained experts are not required to provide a written report but the disclosure must state:

> (i)    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

> (ii)    a summary of the facts and opinions to which the witness is expected to testify.[4]

---

[1] FED. R. CIV. P. 26(a)(2).

[2] Rule 26(a)(2)(B) states that a written report is required if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

[3] Rule 26(a)(2)(C) sets disclosure requirements for non-retained experts—those not hired specifically to testify and whose regular job duties do not involve expert testimony.

[4] FED. R. CIV. P. 26(a)(2)(C).

Courts have interpreted the "summary of the facts and opinions" requirement as:

> [A] brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics or their opinions is insufficient . . . a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of materials on which the expert relies.[5]

### III.    Analysis

The Court concludes that Walker failed to comply with Rule 26(a)(2)(C).  But, because the deficiency is curable and minimizes any prejudice, exclusion of Walker's non-retained experts is not warranted.

### A. Walker failed to properly designate his non-retained experts.

Walker's disclosures do not satisfy Rule 26(a)(2)(C).  Although Walker identified some treating providers by name, he grouped them under their respective treatment facilities, designated broad categories of additional employees, and

---

[5] *Little Hocking Water Ass'n. v. E.I. DuPont de Nemours & Co.,* No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). *See also Erving v. Dall. Hous. Auth.*, No. 3:16-CV-1091-L, 2018 WL 4409797, at *14 (N.D. Tex. Sept. 17, 2018) (Lindsay, J.) (finding a disclosure was deficient because it "provides only general topics of testimony, rather than an actual summary of the facts and opinions to which each designated expert witness is expected to testify"); *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) (noting that the disclosure must briefly state the opinions of the expert and "the opinions must state a view or judgment regarding a matter that affects the outcome of the case"); *Carr v. Montgomery Cnty.*, No. H-13-2795, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015) (criticizing disclosure that stated experts had opinions but failed to provide any indications of what the opinions were or the particular facts relied upon).

provided largely identical, generic descriptions of the anticipated testimony for each witness.[6]

To properly designate a non-retained expert, a party must identify the expert, the subject matter on which the expert is expected to testify, and a summary of the opinions and facts on which the expert is expected to testify.[7]  "A summary of opinions means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case."[8]  A mere "topic of testimony" is not enough.[9]

In *Open Cheer and Dance Championship Series, LLC v. Varsity Spirit, LLC*, Judge Kacsmaryk struck the non-retained expert disclosures of a party who "merely cop[ied] and paste[d] the same paragraphs" that repeated substantially identical boilerplate language for multiple witnesses.[10]  Here, Walker's disclosures suffer a similar flaw by failing to distinguish among the providers or explain what opinions each expert will offer.  The disclosures fail to identify "a view or judgment regarding a matter that affects the outcome of the case"[11] or present a specific account of facts on which the expert relies.[12]

---

[6] Doc. 20.

[7] FED. R. CIV. P. 26(a)(2)(C).

[8] *Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, No. 2:23-CV-155-Z, 2025 WL 2053286, at *7 (N.D. Tex. July 21, 2025) (Kacsmaryk, J.) (cleaned up).

[9] *Id.* at *2.

[10] *Id.*

[11] *See Knighton*, 2016 WL 4250484, at *2–3.

[12] *Id.* at *2.

Walker's disclosures do little more than confirm what anyone could infer without a summary—that the medical experts will testify on injuries allegedly suffered by Walker that gave rise to his claim. Although Walker argues that he adequately referred the Government to his medical records, the Court finds this minimal direction insufficient because it requires the Government and the Court to sift through more than 700 pages of medical records to divine the experts' opinions and their factual bases.[13]

Therefore, the Court finds that Walker's non-retained expert disclosures fail to comply with Rule 26(a)(2)(C).

### B.    Any prejudice to the Government may be cured.

Although Walker failed to comply with Rule 26(a)(2)(C), the Court concludes that the deficiency is harmless because Walker can cure it through supplemental disclosures and the Court recently granted a continuance.

Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to properly disclose a witness "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[14] This determination is committed to the district court's broad discretion.[15] Witness exclusion "is not mandatory or automatic," and constitutes "a harsh penalty and should be used sparingly."[16] In evaluating whether

---

[13] Doc. 31. at 5–6.

[14] FED. R. CIV. P. 37(c)(1).

[15] *Open Cheer & Dance Championship Series, LLC*, 2025 WL 2053286, at *8.

[16] *Id.* (cleaned up).

a violation of Rule 26 is substantially justified or harmless, courts look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[17]

First, Walker states his non-retained experts are important in this matter because their testimony is central to proving injury and causation.[18]  The Court agrees.  Thus, this factor weighs in favor of Walker.

Second, the Government would suffer prejudice if Walker presented expert testimony based on the current unparticularized disclosures.  Rule 26(a)(2)(C) requires a summary of the facts and opinions so that the opposing party can prepare for trial.[19]  To determine the opinions and facts relied on by even the named witnesses, the Government would be required to comb through 700 pages of medical records before it could meaningfully prepare for trial.[20]  Walker argues that "[t]his is far below the 2500 pages the Court found to be too voluminous in *Knighton*."[21] However, the Court is not convinced.  Referring an opposing party to stacks of medical records without any specific explanation as to the provider's role or opinion is not an adequate way of fulfilling the designation requirements of Rule 26(a)(2)(C).

---

[17] *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

[18] Doc. 31 at 7.

[19] *Hoover v. U.S. Dep't of the Interior*, 611 F.2d at 1142.

[20] Doc. 31 at 5.

[21] *Id.* (citing *Knighton*, 2016 WL 4250484, at *2).

Walker's response, however, demonstrates that he can provide more meaningful summaries. In opposing the motion, Walker identifies the specific providers, the roles they each played, and the number of pages of respective medical records.[22] Accordingly, because Walker can supplement his disclosures with provider-specific summaries, the Government will not be required to rebut any *new* evidence just *buried* evidence. So, the second factor narrowly weighs in favor of the Government.

Third, the prejudice to the Government is readily curable. In *Galvez v. KLLM Transport Services, LLC*, Judge Fitzwater found that a continuance of the discovery period, deadline to designate any contravening expert witnesses and trial date could cure any prejudice faced by the party who received deficient expert disclosures.[23] Here, the Court has recently continued the case and Walker has expressed a willingness to supplement his disclosures with more detail, not new experts or materials.[24]

Yet, the Government asserts that allowing supplementation will unfairly prolong discovery because it may need to depose multiple witnesses.[25] The Court disagrees. Walker's supplemental disclosures shall remain limited to the previously disclosed providers and shall identify the specific medical records supporting each provider's anticipated opinions. The Government has designated its own experts, has

---

[22] *Id.* at 3–4.

[23] 575 F. Supp. 3d 748, 758–59 (N.D. Tex. Dec. 16, 2021) (Fitzwater, S.J.).

[24] Doc. 31 at 10.

[25] Doc. 35 at 8.

possessed Walker's medical records for more than a year, and already knows the identities of the providers Walker intends to call.  Under these circumstances, limited supplementation will cure any prejudice without requiring an extended discovery period.  This factor weighs in Walker's favor.

Fourth, Walker maintains that his disclosures were sufficient and contends that he would have supplemented them had the Government identified the deficiencies earlier.[26]  Although the Court rejects Walker's position, nothing in the record suggests that he acted in bad faith.  Further, Walker has expressed a willingness to cure any deficiencies identified by the Court.  Therefore, the fourth and final factor weighs in favor of Walker.

***

Considering the four factors together,[27] and noting the inquiry weighs more in favor of Walker than the Government, the Court declines to exclude the non-retained experts from testifying at trial.

The Court therefore **ORDERS** Walker to supplement his expert disclosures to comply with Rule 26(a)(2)(C) within 14 days of this Order.  The supplemental disclosures must summarize each non-retained expert's opinions and supporting facts and identify the specific medical records on each expert relies. The Court finds that

---

[26] Doc. 31 at 5, 7.

[27] *Hoffman v. L&M Arts*, No. 3:10-CV-0953-D, 2013 WL 81578, at *3 (N.D. Tex. Jan. 8, 2013) (Fitzwater, J.).

this "less severe remedy will largely cure any prejudice that defendants suffered due to [Plaintiff's] noncompliance."[28]

## IV.    Conclusion

For these reasons, the Court **GRANTS IN PART** the Government's motion and **ORDERS** Walker to supplement his non-retained expert designations within 14 days of this Order.

**IT IS SO ORDERED** this 1st day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[28] *Galvez*, 575 F. Supp. 3d at 758.

9