UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COLIN ARTHUR WALKER,              §
                                  §
    *Plaintiff,*                    §
                                  §
v.                                §    Civil Action No. 3:24-CV-3095-X
                                  §
THE UNITED STATES OF              §
AMERICA,                          §
                                  §
    *Defendant.*                    §

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's partial motion for summary judgment. (Doc. 25). Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] After reviewing the briefing and relevant law, a genuine dispute of material fact remain such that summary judgment is inappropriate here.[2]

The Government simultaneously moved to strike Walker's non-retained expert witnesses and for partial summary judgment.[3] It argued that Walker's expert disclosures were deficient and should be struck.[4] It also argued that, without expert testimony, Walker should take nothing in future medical expenses, and the Court

---

[1] FED. R. CIV. P. 56(a).

[2] *Id.*

[3] Docs. 25, 28.

[4] Doc. 25.

1

should limit the issues at trial to any injuries in the immediate aftermath of the accident.[5]  The Court agreed that the disclosures were deficient but declined to strike Walker's non-retained experts, instead ordering him to cure the deficiencies.[6]  Walker has since done so.[7]

Because Walker has experts to opine on his damages, there remain genuine disputes of material fact as to the cause of Walker's injuries and his need for future medical care.  Those issues are for the trier of fact to decide.  Accordingly, partial summary judgment is not warranted, and the Court **DENIES** the motion.

**IT IS SO ORDERED** this 20th day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *Id.*

[6] Doc. 39.

[7] Doc. 40.